IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00480-BNB

MARCUS LELAND FREEMAN,

Applicant,

v.

C. DANIELS, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 05 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING PRELIMINARY INJUNCTION

---

This matter is before the Court on the letter that Applicant, Marcus Leland Freeman, filed with the Court on March 11, 2010. Mr. Freeman filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on March 26, 2010; was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on April 4, 2010; and paid the $5.00 filing fee in this action on April 12, 2010.

In the letter, Mr. Freeman asks this Court to "issue an injunction order" against Respondent Warden Daniels. Letter at 1. Mr. Freeman states that Warden Daniels has instructed prison officials to prevent Mr. Freeman from using the law library at his facility. He further alleges that Warden Daniels has "limited all inmate movement to the law library only on rec days and nights, that are not governed by the policy statements of the Bureau of Prisons. Meaning that all inmates have a choice to either go to recreation or the law library." Letter at 2-3. Mr. Freeman asserts that this policy violates his First Amendment right to petition the courts.

The Court must construe the letter liberally because Mr. Freeman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the letter will be construed as a motion for preliminary injunction, and will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Freeman is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Freeman does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the

opposing party, or that a preliminary injunction would not be adverse to the public interest. Further, although he asserts that he has not been able to access the law library or perform legal research, the Court notes that, on March 26, 2010, Mr. Freeman filed an eighty-four page Application for a Writ of Habeas Corpus replete with legal citations and argument. Accordingly, Mr. Freeman has made no showing that the policies of Warden Daniels have denied him the right to access the courts. Therefore, the motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the letter that Applicant, Marcus Leland Freeman, filed with the Court on March 11, 2010, is liberally construed as a motion for preliminary injunction, and is denied.

DATED at Denver, Colorado, this __4th__ day of __May__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00480-BNB

Marcus L. Freeman
Reg No. 29129-077
US Penitentiary
P.O. Box 7000
Florence, CO 81226-7000

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/5/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk