IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00480-DME-MJW

MARCUS LELAND FREEMAN,

Petitioner,

v.

C. DANIELS, Warden,

Respondent.

---

**RECOMMENDATION ON
APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. § 2241 (Docket No. 5)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before this court pursuant to an Order of Reference to United States Magistrate issued by U.S. Circuit Court Judge David M. Ebel on May 11, 2010. (Docket No. 16).

Petitioner, Marcus Leland Freeman, is a federal prisoner who is incarcerated at USP Florence in Colorado. Before the court for a report and recommendation is the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (hereinafter "the petition") (Docket No. 5). Respondent filed a Response to Order to Show Cause (Docket No. 17) to show cause why the court should deny the petition. Petitioner filed a reply brief (Docket No. 19).

The court has considered all of these filings as well as applicable Federal Rules of Civil Procedure, statutes, and case law and has taken judicial notice of

the court's file. The court now being fully informed makes the following findings, conclusions of law, and recommendation.

Because the petitioner is proceeding without counsel, the court has "construe[d] his pleadings liberally, but [has not] act[ed] as his advocate." Ford v. Pryor, 552 F.3d 1174, 1178 (10th Cir. 2008).

In his petition, the petitioner raises three claims concerning disciplinary action taken against him as a result of an incident report written on September 6, 2009, for making, possessing, or using intoxicants. A copy of that report is attached to the petition. (Docket No. 5-1 at 3). The officer reports as follows in that document:

> On 09-06-09 at approximately 6:55 p.m. while conducting rounds I noticed a strong smell coming out of cell 208 occupied by IM Freeman, Marcus #29129-007 and IM Hammond, J #34169-013. IM Freeman was standing at the sink inside the room when I asked him to step out of the cell so I could conduct a cell search, he complied. I searched the cell and found approximately 3 gallons of homemade intoxicant inside a plastic bag in a mop bucket under the bottom bunk. IM Freeman took responsibility for the Intoxicant. The intoxicant appear [sic] to be made from Fruits and vegetables.
>
> The contents inside the plastic bag registered .342 on Alco-Sensor Serial No. 1081533 at 7:15p.m. The bag of intoxicant was tested fifteen minutes later with the same Alco-sensor and registered .368 at 7:30p.m.

(Docket No. 5-1 at 3). Following a hearing, petitioner was found guilty of the charge and was sanctioned to "30 Days Disciplinary Segregation, suspended 90 days clear conduct[;] 30 Days Commissary Restriction[; and] 90 Days Phone Restriction, suspended.90 days clear conduct." (Docket No. 5-1 at 7).

Petitioner raises the following three claims for habeas corpus relief.

**Claim One.** In his first claim, petitioner asserts the following. When petitioner reported as directed to the lieutenant's office, he requested that the substance be tested

and that he be permitted to submit to an alcohol test. The procedures contained in Program Statement 6590.07 concerning alcohol testing were not followed. Another Program Statement, P.S. 5270.07 Chapter 5, page 3, states that the investigator shall then thoroughly investigate the incident. To investigate this incident, the officer was required to test the substance himself. Lt. D. White, however, would not test the substance and would not perform an alcohol test on petitioner as requested. During the investigation stage, petitioner's rights were read to him, and he made statements that were never documented. He admitted to the fruit and vegetables in the cell and stated to the officer, "the vegetables were for cooking, and the fruit was a fruit salad. Both where [sic] in two different bags 'not together' as stated in the report on melted ice water." (Docket No. 5 at 4). Once again, petitioner requested the investigating officer to test the substance and to test petitioner. There is no documentation of the test results other than officer J. Short's statement in the report. There are no photos of the substance other than the photo of the melted ice water. The incident report should be expunged from the inmate central file records because no test was ever performed as required by BOP Policy Statement P.S. 6590.07.

**Claim Two.** In Claim Two, petitioner asserts that his due process right were violated on September 6, 2009, when the lieutenant made false statements in the investigation stage, by failing to test the substance again as requested by the petitioner, and by the procedures of the UDC and the DHO. Under the procedures governing the UDC hearing, 28 C.F.R. § 541.15(b), each inmate is entitled to a hearing before the UDC, ordinarily within three work days, excluding the day staff became aware of the inmate's involvement and weekends and holidays. The time limit may be extended for

good cause shown and documented in the record. In petitioner's case, no extension was filed by the staff members extending time limits, and the only excuse given was that the plaintiff was in SHU. Petitioner was called for the UDC hearing on September 12, 2009, and petitioner did not pay attention to the dates. The DHO hearing was conducted on September 17, 2009. A staff member falsified the documents because petitioner never received a copy of the DHO report as stated. Documents from the UDC hearing have two different dates on them as to the correct date of the UDC hearing. Petitioner has received no response to his inquiries about these mistakes and documentation about the extension of time limits.

Based on the above, petitioner asks that the violation report be expunged from his inmate central file records.

**Claim Three.** In his third claim, petitioner asserts that his due process rights were violated when restrictions were placed in accordance with Program Statement 5152.06 based on the incident report when no hearing was held as to these restrictions, nor were these restrictions authorized by the DHO as a sanction after a finding of guilty. On September 29, 2009, petitioner was informed by his work supervisor that restrictions were placed on him by P.S. 5152.06 as a result of the incident report. Petitioner works in Food Service as a "grade 1 cook AM Baker." (Docket No. 5 at 7). He worked over seven to ten hours a day in September, October, November, and December 2009, but he has not received payment for the hours worked. His job was not taken from him for the incident allegedly committed. No hearing was conducted with regard to the restrictions on his performance pay. The Program Statement references inmates who work outside the secure perimeter of the institution, but petitioner works within the

institution. The incident was not work-related nor was it in relation to drugs or alcohol. "No other inmate who receive [sic] incident reports for 100 or 200 series, are subjected to these restriction, under these policy statements, therefore in violation of equal protection of the law." (Docket No. 5 at 8). Petitioner's request made before the UDC Committee for Staff Representation by Counselor Kratzburg was denied because Mr. Kratzburg was a witness. Petitioner asks the court to order the Bureau of Prisons to lift these restrictions and restore his pay for the months of September through December 2009.

Even construing the petition liberally, this court finds that the petitioner has failed to allege a valid factual basis for a § 2241 petition because he is not challenging the fact or duration of his sentence and is not seeking release or a shortened period of confinement. See McIntosh v. United States Parole Commission 115 F.3d 809, 811-12 (10th Cir. 1997); Antonelli v. Keffer, 243 Fed. Appx. 384 (10th Cir. July 12, 2007); Huerta v. Hawk-Sawyer, 16 Fed. Appx. 916, 917-18 (10th Cir. Aug. 9, 2001). As correctly noted by the respondent, the petitioner was merely sanctioned to 30 days of disciplinary segregation which was suspended pending 90 days of clear conduct, 30 days of commissary restriction, and 90 days of phone restriction which was also suspended pending 90 days of clear conduct. In addition, he had his pay reduced to maintenance level. Significantly, none of these penalties have any impact on the fact or duration of his sentence; there is no mention in the petition or in any of the exhibits of any loss of good time credits. Therefore, this court agrees with the respondent that this court lacks jurisdiction pursuant to 28 U.S.C. § 2241. Bell v. U.S., 2009 WL 1609396, *2 (D. Colo. June 2 2009) (Section "2241 is the proper vehicle to challenge a disciplinary conviction

that results in the deprivation of good-time credits or an increased sentence. . . . However, where good-time credits or an increased sentence are not implicated, such claims are not cognizable pursuant to § 2241 . . . .") (citations omitted).  See Boyce v. Ashcroft, 251 F.3d 911, 914-18 (10th Cir.) (noting that challenges of prison decisions to transfer prisoner to segregation, revoke his privileges, or remove him from certain programs are conditions of confinement cases), vacated on other grounds, 268 F.3d 953 (10th Cir. 2001).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **(Docket No. 5)** be **denied and dismissed**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  July 30, 2010  
       Denver, Colorado

s/ Michael J. Watanabe  
United States Magistrate Judge