# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00480-DME-MJW

MARCUS L. FREEMAN,

    Petitioner,

v.

C. DANIELS, Warden,

    Respondent.

## ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE

Petitioner Marcus L. Freeman filed this application for habeas corpus pursuant to 28 U.S.C. § 2241 on March 26, 2010. He raised three claims in his application, alleging that his due process rights were violated during various stages of an internal prison investigation, and seeking as relief judicial review of the investigation. Magistrate Judge Watanabe recommended dismissing the petition on the ground that these claims are not properly brought under 28 U.S.C. § 2241. Petitioner filed a timely objection.

Although this Court must review de novo any portion of the magistrate judge's recommendation to which a proper objection was filed, see Fed. R. Civ. P. 72(b)(3), it is unclear to which portion of the recommendation Petitioner objects. Regardless, even reviewing the entire recommendation de novo, the Court agrees with the recommendation. "A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for

such conditions." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotations omitted). Here, Petitioner does not challenge the fact or duration of his sentence, nor does he seek release or a shortened period of confinement. Instead, he challenges the conditions of his confinement and argues that those conditions violate his due process rights. Such a challenge is not cognizable under § 2241.

In his objection, Petitioner also claims that he has a cause of action under 5 U.S.C. § 552a, seeks a writ of mandamus pursuant to 28 U.S.C. § 1361, and requests a declaratory judgment under 28 U.S.C. § 2201. None of these actions are properly before this Court, as Petitioner is before this Court because he applied for habeas corpus relief pursuant to 28 U.S.C. § 2241, and not based on any other jurisdictional ground. Although mindful of the fact that Petitioner is pro se and his pleadings must be construed liberally, this Court does "not act as his advocate," Ford v. Pryor, 552 F.3d 1174, 1178 (10th Cir. 2008), and will not transform this habeas corpus petition into a broad-ranging civil action.

Accordingly, the Court ADOPTS the Recommendation of the United States Magistrate Judge and orders that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be DENIED. Petitioner's action is thus DISMISSED with prejudice, and judgment shall be entered accordingly.

Dated this ____19th____ day of _____August__, 2010.

BY THE COURT:

*s/ David M. Ebel*
_____
U. S. CIRCUIT COURT JUDGE