**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  10-cv-00480-DME-MJW

MARCUS L. FREEMAN,

      Petitioner,

v.

C. DANIELS, Warden,

      Respondent.

---

**ORDER GRANTING RECONSIDERATION**

---

This matter comes before the Court on Petitioner Marcus L. Freeman's motion to reconsider (Doc. 24) this Court's order adopting the recommendation of the magistrate judge and dismissing Freeman's habeas corpus action with prejudice (Doc. 22).  Because Freeman is proceeding pro se, the Court construes his pleadings liberally.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam).  For the reasons given below, the Court GRANTS Freeman's motion for reconsideration and VACATES the prior order dismissing the action with prejudice.

Because Freeman's "motion for reconsideration" was filed within 28 days of the Court's order dismissing the action, the Court construes it as a motion to alter or amend the judgment.  See Fed. R. Civ. P. 59(e); Miller v. Kan. Highway Patrol, No. 10-3046, 2010 WL 2511544, at *2 (10th Cir. June 23, 2010) (unpublished).  "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or

to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). The Court dismissed Freeman's 18 U.S.C. § 2241 habeas application after determining that the application challenged the conditions of Freeman's confinement rather than the fact or duration of his sentence. Freeman does not contest the Court's conclusion that his conditions-of-confinement claims are not cognizable in habeas. Rather, he argues that the Court committed an error of law by dismissing his mislabeled habeas application with prejudice rather than considering whether it could be recast as a civil rights petition.

Upon reconsideration, the Court agrees with Freeman. Under Tenth Circuit law, the Court had an obligation to review Freeman's § 2241 application to determine whether Freeman asserted claims that could be pursued in a civil rights action. See, e.g., Ricco v. Conner, 146 F. App'x 249, 251 (10th Cir. Aug. 8, 2005) (unpublished) (holding that the district court had an "independent duty to properly characterize" the pro se petitioner's § 2241 claims as non-habeas claims for injunctive relief and that "the court should have treated this case as a civil rights action or dismissed the case without prejudice"); Powell v. Fleming, 27 F. App'x 970, 974 (10th Cir. Dec. 21, 2001) (unpublished) ("[C]onformance with the dictates of Haines requires that we consider recasting [a § 2241] petition as [a civil rights complaint]."); see also Roman-Nose v. N.M. Dep't of Human Servs., 967 F.2d 435, 437 (10th Cir. 1992) (explaining that "[t]he characterization of the action and the claim for relief by a pro se litigant is not dispositive on the

availability of relief in federal court" and construing a mislabeled habeas petition as presenting claims under the Indian Child Welfare Act).

Having carefully reviewed Freeman's § 2241 application, the Court believes that Freeman has presented civil rights claims under 28 U.S.C. §§ 1331 and 1361. Specifically, Freeman's allegation that an incident report violated his due process rights and should therefore be expunged raises a claim for either injunctive relief under § 1331 or relief in the nature of mandamus under § 1361. See Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1236 (10th Cir. 2005) ("[F]ederal courts now have jurisdiction over claims by federal prisoners against federal prison officials seeking vindication of their constitutional rights under either 28 U.S.C. § 1331 or 28 U.S.C. § 1361, and may obtain relief in the nature of either injunction or mandamus."); see also Ricco, 146 F. App'x at 253–54 (construing a mislabeled habeas petition as "adequately ple[ading] an equitable claim for injunctive and/or mandamus relief against the warden of [a prison] in his official capacity").

Furthermore, Freeman's claim for restoration of his pay for a four-month period at the end of 2009 arises under § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Court notes, however, that Freeman's Bivens claim is subject to dismissal as currently pled. Freeman may not recover money damages from the Bureau of Prisoners or the warden of USP Florence. See Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003) (stating that "[a] Bivens claim cannot be brought against the BOP, as a federal agency, or [federal

officials] in their official capacities"; observing that "direct, personal participation" by an individual defendant is required to establish Bivens liability), abrogated on other grounds by Jones v. Brock, 549 U.S. 199 (2007). Instead, Freeman must seek to recover from the specific individual who allegedly violated his constitutional rights by restricting his pay. See id.

For the foregoing reasons, the Court will order that this case be converted to a civil rights action. The clerk of the Court will be directed to mail to Mr. Freeman the appropriate form for filing a prisoner complaint. Mr. Freeman will be ordered to complete the complaint form and submit the completed complaint to the Court within 60 days if he wishes to pursue his claims. Mr. Freeman will not be required to refile the exhibits now appended to his habeas application. In addition, Mr. Freeman will be ordered to pay the $350 filing fee for civil actions, or, if he is unable to pay the fee, to submit within 60 days a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. If Mr. Freeman files a complaint pursuant to this Order, the complaint shall be screened pursuant to the Prison Litigation Reform Act. If Mr. Freeman fails to comply with this Order, his action shall be dismissed without prejudice and without further notice.

Accordingly, it is ORDERED that:

1. Freeman's motion for reconsideration (Doc. 24) is GRANTED.

2. The Court's order adopting the recommendation of the magistrate judge and dismissing Freeman's action with prejudice (Doc. 22) is VACATED.

3.	This habeas corpus action filed pursuant to 28 U.S.C. § 2241 shall be construed as a civil rights action filed pursuant to 28 U.S.C. §§ 1331, 1361, and Bivens.

4.	The clerk of the Court shall change the docket record to reflect the proper nature of this action.

5.	Within 60 days of the date of this Order, Freeman shall file a complaint on the Court's prisoner complaint form.  The clerk of the Court shall mail two copies of the Court's prisoner complaint form to Freeman.

6.	Freeman's complaint shall be titled "Prisoner Complaint" and shall be brought pursuant to 28 U.S.C. §§ 1331, 1361, and Bivens.  The complaint shall contain only those claims asserted in the current application and shall name as an additional defendant the specific individual who allegedly violated Freeman's constitutional rights by restricting his pay.

7.	Within 60 days of the date of this Order, Freeman shall either (a) pay the $350 filing fee or (b) file a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and attach an affidavit and certified copy of his prisoner trust fund account statement for the six-month period preceding the filing of the motion.  The clerk of the Court shall mail to Freeman two copies of the Court's form motion to proceed in forma pauperis.

8.	After Freeman's complaint is filed, it shall be subject to the same screening procedures that would be used if this were a new case.

9.	If Mr. Freeman fails to comply with this Order to the Court's satisfaction, this action will be dismissed without prejudice and without further notice.

Dated this   7th   day of        December      , 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE