FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 11 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00480-BNB

MARCUS LELAND FREEMAN,

     Plaintiff,

v.

C. DANIELS, Warden,
S. SHORT, Correctional Officer,
MILLER, Case Manager,
D. WHITE, L.T.,
J. UNWIN, Counselor,
VIGIL, Case Manager,
O'NIEL, Counselor, and
GOMEZ, Unite [sic] Manager,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

Plaintiff, Marcus Leland Freeman, is in the custody of the United States Bureau

of Prisons and currently is incarcerated at the United States Penitentiary in Florence,

Colorado. Mr. Freeman, acting *pro se*, has filed a Prisoner Complaint pursuant to 28

U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

*Narcotics*, 403 U.S. 388 (1971), alleging that his rights under the United States

Constitution have been violated.

The Court must construe the Complaint liberally because Mr. Freeman is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Freeman will be ordered to file an Amended Complaint.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

Mr. Freeman fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Freeman has presented his claims in a narrative, chronological format rather than asserting the claims in a short and concise statement.

2

Further, Mr. Freeman refers to the Defendants by number instead of by name, e.g., Defendant # 1 and Defendant # 2.  As a result, Mr. Freeman's allegations against each Defendant are unclear and difficult to follow. The Court, therefore, will direct Mr. Freeman to file an Amended Complaint that complies with the pleading requirements of Rule 8.  Mr. Freeman is directed to refer to each Defendant by name instead of using a number.  Mr. Freeman is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Freeman also must name the proper parties who are responsible for violating his constitutional rights and assert each defendant's personal participation in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Freeman must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A named defendant, such as Warden Daniels, may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Freeman further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [   ]; when the defendant did it;

3

how the defendant's action harmed him [   ]; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Mr. Freeman file an Amended Complaint as instructed above, **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Freeman, together with a copy of this Order, two copies of the Court-approved form used in filing prisoner complaints.  It is

FURTHER ORDERED that, if Mr. Freeman fails within the time allowed to file an Amended Complaint that complies with this order to the Court's satisfaction, the Complaint and the action will be dismissed without further notice

DATED April 11, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-00480-BNB

Marcus L. Freeman
Reg No. 29129-077
US Penitentiary
P.O. Box 7000
Florence, CO 81226-7000

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 11, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk