F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 7 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00480-BNB

MARCUS LELAND FREEMAN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, et al,
J. SHORT, Correctional Officer,
MILLER, Case Manager,
D. WHITE, L.T.,
J. UNWIN, Counselor,
VIGIL, Case Manager,
O'NIEL, Counselor, and
GOMEZ, Unit Manager,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Marcus Leland Freeman, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado. He filed *pro se* a civil rights complaint for money damages pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). On April 11, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Freeman to file within thirty days an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure and that alleged each named defendant's personal participation in the asserted claims. On May 23, 2011, Mr. Freeman filed an amended ***Bivens*** complaint. He asks for injunctive relief and money damages.

Mr. Freeman has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Freeman is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Freeman is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

In the amended complaint, Mr. Freeman asserts four claims for relief. As his first claim, Mr. Freeman contends that on September 6, 2009, he received an incident report from Defendant Short for violation of the prohibited act of possessing intoxicants. Amended Complaint at 6. Mr. Freeman asserts that Defendant Short failed to "conduct his duties in accordance with [BOP] Program Statement 6590.07" because he failed to

2

correctly test the substance suspected of containing intoxicants. *Id.* Mr. Freeman also alleges that he later asked Defendant White to test the substance for the presence of intoxicants, and Defendant White also failed to comply with P.S. 6590.07. *Id.* Mr. Freeman further alleges that Defendant White filed a false report in violation of BOP Program Statement 1351.08 because Defendant White stated that Mr. Freeman had been placed in the Special Housing Unit (SHU) on a certain date, although Mr. Freeman contends that he was not placed in the SHU on that date. *Id.* at 7. Mr. Freeman alleges that his due process rights were violated as a result.

Mr. Freeman's second claim is largely repetitive of his first claim. However, Mr. Freeman also alleges that on September 12, 2009, Defendants Unwin and Vigil made false statements in order to conduct Mr. Freeman's disciplinary hearing outside of the 72-hour time limitation set forth in BOP Program Statement 5270.08. *Id.* at 10. He further asserts that he was not provided with a copy of the disciplinary hearing officer's report in a timely manner. *Id.* Mr. Freeman alleges that his due process and equal protection rights were violated.

As his third claim, Mr. Freeman alleges that a "work pay performance" restriction was placed on him pursuant to BOP Program Statement 5152.06 after he received the September 12, 2009, incident report. *Id.* at 14. Apparently, this restriction reduces the amount of pay that Mr. Freeman receives for his inmate job. Mr. Freeman asserts that the pay restriction imposed by P.S. 5152.06 was not authorized as a punishment by the disciplinary hearing officer, but was unlawfully imposed as additional punishment, in violation of Mr. Freeman's Eighth Amendment right. *Id.* at 15-17.

Mr. Freeman's fourth claim is largely repetitive of his first, second and third claims. He generally alleges that the named Defendants have a duty to follow the policies and regulations of the BOP, and that their failure to do so in conjunction with the September 12, 2009, incident report violated his due process rights. *Id.* at 20-24.

Mr. Freeman argues that his due process rights at his disciplinary hearing were violated based on alleged failures by prison officials to follow BOP Program Statements and administrative regulations. However, in **Hovater v. Robinson**, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing **Davis v. Scherer**, 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation." Instead, a review of a prisoner's disciplinary proceeding is "limited to whether the three steps mandated by **Wolff** were followed and whether there was some evidence to support the disciplinary committee's findings." **Mitchell v. Maynard**, 80 F.3d 1433, 1445 (10th Cir. 1996); *e.g.*, **Diaz v. McGuire**, No. 05-3149, 154 Fed. Appx. 81, 84-85 (10th Cir.(Kan.) Nov. 14, 2005) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause) (unpublished op.), **cert. denied**, 546 U.S. 1221 (2006).

In **Wolff v. McDonnell**, 418 U.S. 539, 563-66 (1974), the Supreme Court held that adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with advance written notice of the charges, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. Mr. Freeman does not allege, and there is no indication in the file, that the prison disciplinary hearing did not

comply with the requirements established by the United States Supreme Court in *Wolff*. Therefore, Mr. Freeman fails to allege facts that could support arguable due process claims based on allegations in the amended complaint.

Further, Mr. Freeman alleges in his third claim that his Eighth Amendment right to be free from cruel and unusual punishment was violated because the pay for his prison job was reduced. A prisoner claiming that he was subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). Finally, an inmate asserting an Eighth Amendment claim must allege that Defendants acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

5

Mr. Freeman's allegation that his prison pay was reduced does not demonstrate that he was deprived of the "'minimal civilized measure of life's necessities.'" *Wilson*, 501 U.S. at 298. Mr. Freeman also fails to demonstrate that Defendants acted with deliberate indifference to a "substantial risk of serious harm" to him. *Farmer*, 511 U.S. at 847. Mr. Freeman fails to allege facts that could support an arguable Eighth Amendment claim based on allegations in the amended complaint. Therefore, the amended complaint will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __7th__ day of __June__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00480-BNB

Marcus Leland Freeman
Reg No. 29129-077
US Penitentiary
P.O. Box 7000
Florence, CO 81226-7000

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 7, 2011.

                                  GREGORY C. LANGHAM, CLERK

                         By: _____
                                  Deputy Clerk